# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILLIAM T. HOLLIDAY,**
**D.O.C. # P-27800,**

    **Plaintiff,**

vs.                                    Case No. 4:10cv264-WS/WCS

**WARDEN TOMLINSON,**

    **Defendant.**

                              /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff neither paid the filing fee nor submitted an *in forma pauperis* motion. Indeed, there is no need to file an *in forma pauperis* motion because Plaintiff is not entitled to proceed *in forma pauperis* in federal court as a result of 28 U.S.C. § 1915(g).

Plaintiff previously filed case 4:09cv182-SPM/WCS in this Court. I prepared an report and recommendation, doc. 21, in that case recommending it be dismissed for failure to state a claim. That report and recommendation is still pending as of this date. Nevertheless, the report and recommendation, doc. 21, listed Plaintiff's prior cases

finding that case 3:05cv312 was dismissed in this District for failure to state a claim under § 1915(e)(2)(B)(ii).  Plaintiff's appeal of that dismissal was found to be frivolous by the Eleventh Circuit, counting as his second strike under § 1915(g).  Furthermore, Plaintiff litigated a case in the Eastern District of Michigan, 2:09cv12758, which was dismissed *sua sponte* under § 1915(e)(2)(B) as frivolous and for failing to state a claim.  That is Plaintiff's third strike.  It is likely that the report and recommendation entered in case 4:09cv182 will be adopted, counting as Plaintiff's fourth strike, and third such dismissal in the Northern District of Florida.

In this complaint, Plaintiff fails to provide any factual allegations of wrong-doing against the Defendant, and states only that he has been seeking a transfer.  Doc. 1.  Presumably, Plaintiff's complaint is related to the order of dismissal he attached to the brief, one-paragraph complaint showing that his state court case, 2010 CA 001551, was dismissed on June 15, 2010.  This Court is not an appellate court and cannot review a dismissal from a state court.  Moreover, as the complaint presents no factual allegations of any harm to Plaintiff or actions taken by the Defendant against Plaintiff, it fails to demonstrate that Plaintiff should be permitted to proceed in this case under the exception provisions of § 1915(g).  Plaintiff has not shown that he is "under imminent danger of serious physical injury" and, therefore, this case should be dismissed *sua sponte*.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, this action should be dismissed.  The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice,** because Plaintiff is not entitled to proceed without payment of the filing fee pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**